UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLY JOE ENGLISH, #446921,

       Petitioner,

v.                                              CASE NO. 2:06-CV-11552
                                            HONORABLE ARTHUR J. TARNOW

KEN ROMANOWSKI,

       Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION FOR BOND

       This matter is before the Court on Petitioner's motion for immediate release from custody on personal recognizance bond. The United States Court of Appeals for the Sixth Circuit has stated that to receive bond pending a decision in a federal habeas case,

> [P]risoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.' *Aronson v. May*, 85 S. Ct. 3, 5; 13 L. Ed. 2d 6, 9 (1964) [additional citations omitted]. There will be few occasions where a prisoner will meet this standard.

*Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). Federal district courts may grant bail when granting the writ. *Sizemore v. District Ct.*, 735 F.2d 204, 208 (6th Cir. 1984). However, to grant bond prior to making a determination on the merits is extraordinary. *Moore v. Egeler*, 390 F. Supp. 205, 207 (E.D. Mich. 1975) (Feikens, J.). This is not such a case. Having reviewed Petitioner's motion, the Court is not persuaded at

this time that the interests of justice require release on bond pending resolution of the habeas petition.

Accordingly,

**IT IS ORDERED** that Petitioner's request for bond is **DENIED.**


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: February 2, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 2, 2007, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary

2