UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BILLY JOE ENGLISH,

              Petitioner,

                                     CASE NO. 2:06-CV-11552
v.                                   HONORABLE ARTHUR J. TARNOW

KEN ROMANOWSKI,

              Respondent.
_____/

## ORDER GRANTING AN EVIDENTIARY HEARING, APPOINTING COUNSEL FOR PETITIONER, AND SETTING A BRIEFING SCHEDULE

I.    Introduction

      Michigan prisoner Billy Joe English ("Petitioner") has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner is currently confined at the Kinross Correctional Facility in Kincheloe, Michigan.[1] Petitioner was convicted of assault with intent to murder and carrying a concealed weapon following a jury trial in the Oakland County Circuit Court and was sentenced to concurrent terms of 11 years 8 months to 30 years imprisonment and two to five years imprisonment on those convictions in 2003. In his pleadings, Petitioner raises claims concerning the effectiveness of trial counsel, his

_____

      [1]At the time he filed this action, Petitioner was confined at the Gus Harrison Correctional Facility in Adrian, Michigan where Respondent is the warden.

1

right to an evidentiary hearing, and his right to present defense witnesses. Having

reviewed the pleadings, the Court grants an evidentiary hearing on Petitioner's ineffective

assistance of counsel claims, appoints counsel for Petitioner, and sets a briefing schedule.

II.    Facts

Petitioner's convictions arise from the stabbing of Ron Higdon at his residence in

Pontiac, Michigan on April 28, 2002. The Michigan Court of Appeals set forth the

relevant background facts, which are presumed correct on habeas review, *see Monroe v.*

*Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 Fed. Appx. 730 (6th Cir.

2002), as follows:

> Defendant's convictions arise from the April 28, 2002, stabbing of Ron
> Higdon in the apartment of defendant's girlfriend, Lydia Ceruti. Higdon
> lived with Ceruti and her three children, FN1 and one of his friends, Daniel
> Lamont. Ceruti had recently ended her long-term dating relationship with
> Higdon because she had begun a relationship with defendant. Higdon
> planned on moving out of the apartment around May 3, 2002. On April 28,
> 2002, at approximately 9:30 p.m., Higdon saw defendant, Ceruti, and one of
> the children in a car in front of the apartment. Higdon spoke with Ceruti,
> and then left. Some time later, he returned to the apartment, and saw
> defendant sitting on the couch. Ceruti, Lamont, and the three children were
> also present. Defendant and Higdon had a conversation about the children
> for a while, and ended with the two men shaking hands. Ceruti began
> arguing with Higdon and ordered him to leave the apartment. Higdon then
> asked Ceruti to speak with him in private, and turned to leave, but before he
> could, he felt a hard impact in the small of his back and felt and extreme
> pain, burning, and stinging. Higdon turned and saw defendant with a knife
> in his hand. Higdon grabbed defendant's wrist and slammed him into the
> wall, and defendant pulled a second knife with his free hand, and began to
> attack Higdon with it. Defendant told Higdon that he was "going to kill"

Higdon.  Higdon managed to escape and hide in a bedroom, and call for a ambulance with his mobile phone.  Higdon was taken to Pontiac Osteopathic Hospital, and his treating physician testified that his injuries, eleven knife wounds that resulted in over one hundred stitches and a substantial loss of blood, would likely have resulted in Higdon's death had he not received treatment.

Defendant's theory of the case is that Higdon had already been evicted from the apartment, and that he broke into it on April 28, 2002, pulled a knife, and began threatening Ceruti.  Defendant then pulled a knife and the stab wounds he inflicted were in self-defense.

FN1.  Higdon is the father of Ceruti's two elder children and defendant is the father of the youngest, although Higdon had, for a time, believed he was the father of all three children.

*People v. English*, No. 247354, 2004 WL 1292789, *1 (Mich. Ct. App. June 10, 2004)

(unpublished).

During opening statements, trial counsel indicated that he was going to call Lydia

Ceruti as a witness to support Petitioner's claim that he acted in self-defense.  At trial,

however, trial counsel did not call Ceruti as a witness (nor did the prosecution) and

counsel instead relied upon Petitioner's own testimony to support the self-defense claim.

III.    Procedural History

Following his convictions, Petitioner filed a motion for new trial and/or an

evidentiary hearing (*Ginther* hearing) on his ineffective assistance of counsel claims with

the state trial court, which was denied.  Petitioner then filed an appeal as of right with the

Michigan Court of Appeals raising the same claims contained in the present petition.  The

Michigan Court of Appeals affirmed his convictions. *People v. English*, No. 247354,

2004 WL 1292789 (Mich. Ct. App. June 10, 2004) (unpublished). Petitioner filed an

application for leave to appeal with the Michigan Supreme Court, which was denied.

*People v. English*, 472 Mich. 866, 692 N.W.2d 841 (2005).

Petitioner thereafter filed his federal habeas petition, raising the following claims:

I. The trial record in this case establishes that defense counsel was ineffective for not calling witness Lydia Ceruti (English) as a defense witness.

II. Even if the trial record alone does not demonstrate ineffective assistance, he is entitled to an evidentiary hearing.

III. The trial court violated his Fourteenth Amendment right to due process of law by denying him a fair opportunity to present witnesses in opposition to the claims against him.

IV. He was denied the effective assistance of counsel where counsel failed to investigate the allegations against him, failed to contact witnesses, or prepare any defense strategy.

V. Defense counsel was ineffective for failing to call witness Steve McDaniel, landlord at 19 Clark Street.

VI. Defense counsel was ineffective for failing to impeach the testimony of prosecution witness Daniel Lamont.

Respondent has filed an answer to the petition contending that it should be denied

for lack of merit.

IV. <u>Discussion</u>

4

On habeas review, a federal court must presume that all determinations of factual issues made by the state court are correct. *See* 28 U.S.C. § 2254(c)(1). A federal court may not conduct an evidentiary hearing where the petitioner has failed to develop the factual record in state court, except under limited circumstances, including where the petitioner diligently attempted to develop the factual basis, but was unable to do so. *See Williams v. Taylor*, 529 U.S. 420, 437 (2000). "Diligence . . . depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Id.* at 435. A district court should grant an evidentiary hearing if the petitioner can demonstrate that: "(1) the grounds he alleges are sufficient to secure his release from custody, (2) relevant facts are in dispute, and (3) the state court did not provide a full and fair evidentiary hearing." *Washington v. Renico*, 455 F.3d 722, 731 (6th Cir. 2006) (citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)).

Petitioner asserts that trial counsel was ineffective for failing to investigate his case, for failing to call witnesses particularly Lydia Ceruti, and for failing to sufficiently question witnesses at trial. Petitioner was diligent in his attempt to develop the factual record for his ineffective assistance of counsel claims. He requested an evidentiary hearing on those claims in the trial court following his convictions, but was his request for a hearing was denied. He then appealed the evidentiary hearing denial in the Michigan

appellate courts.  Petitioner thus provided the state courts with "the first opportunity to

review this claim and provide any necessary relief."  *O'Sullivan v. Boerckel*, 526 U.S.

838 (1999).  Comity is not served by foreclosing an evidentiary hearing in federal court

where a petitioner "was unable to develop his claim in state court despite diligent effort."

*Williams*, 529 U.S. at 437.  The Court concludes that Petitioner diligently sought to

develop the factual record for his ineffective assistance of counsel claims in state court.

     Petitioner has also established that an evidentiary hearing is warranted on habeas

review.  The Sixth Amendment to the United States Constitution guarantees all criminal

defendants the right to be represented by competent counsel.  *See  Strickland v.*

*Washington,* 466 U.S. 668 (1984).  Defense counsel has a duty to conduct a reasonable

investigation into the facts of a defendant's case, or to make a reasonable determination

that such investigation is unnecessary.  *See, e.g., O'Hara v. Wiggington*, 24 F.3d 823, 828

(6th Cir. 1994).  While decisions as to what evidence to present and whether to call certain

witnesses are presumed to be a matter of trial strategy, the failure to call witnesses or

present other evidence may constitute ineffective assistance of counsel when it deprives a

defendant of a substantial defense.  *See Chegwidden v. Kapture*, 92 Fed. Appx. 309, 311

(6th Cir. 2004); *Hutchison v. Bell*, 303 F.3d 720, 749 (6th Cir. 2002).  The Court cannot

decide, before reviewing testimony adduced at the evidentiary hearing, whether trial

counsel's investigation of the case was reasonable or whether trial counsel's decision not

to call or question witnesses was reasonable trial strategy. The allegations contained in the petition and supporting documents raise the possibility of a constitutional violation. The state courts refused to conduct an evidentiary hearing on Petitioner's ineffective assistance of counsel claims. Given such circumstances, an evidentiary hearing is warranted.

V.    Conclusion and Order

The Court concludes that Petitioner was diligent in his attempt to develop the factual record in state court, that his allegations may establish a constitutional violation justifying habeas relief, that the relevant facts are in dispute, and that the state courts failed to hold a full and fair hearing. Petitioner has thus satisfied the prerequisites for this Court to conduct an evidentiary hearing. Accordingly, the Court **GRANTS** Petitioner's request for an evidentiary hearing. An evidentiary hearing shall be conducted at a date and time to be set by the Court. The evidentiary hearing shall be limited to Petitioner's ineffective assistance of counsel claims.

The Court further concludes that counsel should be appointed to represent Petitioner in this matter. "The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition." *Hoggard v. Purkett*, 29 F.3d 469, 471 (6th Cir. 1994); *see also* Rule 8, Rules Governing § 2254 Cases. Accordingly, the Court **ORDERS** that the Federal Defender Office, 22nd Floor, 2255

Penobscot Building, Detroit, Michigan, 48226, telephone number (313) 961-4150, is

**APPOINTED** to represent Petitioner in this case.  Such representation shall continue

unless terminated by (1) order of the court; (2) appointment of substitute counsel; or (3)

appearance of retained counsel.

Lastly, the Court **ORDERS** appointed counsel to file a supplemental brief

addressing Petitioner's ineffective assistance of counsel claims and the evidentiary

hearing by **DECEMBER 4, 2007**.  Respondent shall file any reply to that brief by

**JANUARY 4, 2008.**

**SO ORDERED**.

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated:  November 7, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record
on November 7, 2007, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager